## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

WILEY ZACHARY CARROLL                                    PETITIONER

v.                                                       No. 3:25CV48-MPM-RP

SUPERINTENDENT OWING, ET AL.                             RESPONDENTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Wiley Zachary Carroll for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved [18] to dismiss the petition; Carroll has responded to the motion, and the parties have provided additional briefing. The matter is ripe for resolution. For the reasons set forth below, the instant petition for writ of *habeas corpus* will be dismissed as moot and for failure to state a valid *habeas corpus* claim.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.* Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

**Petitioner's Claims for Relief**

Wiley Zachary Carroll is in the custody of the MDOC and is currently housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. His MDOC Inmate Time Sheet confirms that his five-year sentence for felony driving under the influence (DUI) concluded on September 6, 2024, and he is currently serving a concurrent six-year habitual offender sentence for burglary of a dwelling imposed by the Tippah County Circuit Court on February 8, 2023. **Exhibit A**.[1]

In his § 2254 petition, Carroll renews his challenge to his five-year felony DUI sentence that this court previously rejected in Carroll's prior proceeding under 28 U.S.C. § 2241. *See Carroll v. Mississippi*, Nos. 3:22-CV-73-MPM-RP, 3:22-CV-149-MPM-RP, 2023 WL 2145517, at *2 (N.D. Miss. Feb. 21, 2023).

Mr. Carroll is a prolific filer in both the state and federal courts in Mississippi. He has

---

[1] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

repeatedly challenged his pleas and sentences in the trial court, the Mississippi Supreme Court, and through the Mississippi Department of Corrections (MDOC) Administrative Remedy Program (ARP). Despite his many filings, the record shows that he has not raised his challenge to the execution of his five-year sentence to the Mississippi Supreme Court before seeking federal *habeas corpus* relief for the second time in this court.

Carroll's grounds for § 2254 relief in this case are all based on his belief that he was being forced to serve an "illegal sentence" of incarceration, rather than a suspended sentence. Docs. 1, 1-1. However, the five-year sentence at issue in this case has expired; the instant petition has become moot, and it should be dismissed without prejudice.

In addition, Carroll's argument regarding his five-year incarceration (rather than serving a suspended sentence) is without substantive merit – and will be dismissed with prejudice for that reason.[2]

### Facts and Procedural Posture[3]

The procedural history of this case is lengthy, but the relevant legal issues and resolution of this *habeas corpus* petition are straightforward. The court recounts Carroll's filings related to his pleas and sentences in his state court appellate records, circuit court records, and the MDOC Administrative Remedy Program (ARP) below.[4]

### MDOC Inmate Time Sheet

---

[2] As the State has noted, Carroll has not exhausted state remedies as to this claim, and the petition could also be dismissed *without* prejudice for that reason. However, as the claim is clearly both moot and meritless, the court will not discuss exhaustion – and will dismiss the case *with* prejudice for want of substantive merit.

[3] The court has drawn the facts and procedural posture from the State's motion to dismiss the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

[4] The State has provided a clear summary and chronology of the extremely convoluted record in this case.

Carroll's MDOC Inmate Time Sheet shows that his five-year sentence for felony DUI in Cause No. TK2020-123 (challenged in the instant § 2254 petition) concluded on September 6, 2024. **Exhibit A**.[5] Carroll is currently serving a six-year habitual sentence for burglary of a dwelling imposed by the Tippah County Circuit Court in Cause No. TK2021-017 on February 8, 2023. **Exhibit A**.

**Felony DUI Plea and Sentence**

On October 16, 2020, Carroll was indicted for felony DUI as a fourth offense in the Tippah County Circuit Court. Doc. 17-1 (SCR, TK2020-123, Case Folder). On April 26, 2021, the State filed a motion to amend Carroll's indictment to correct typographical errors. Doc. 17-1 (SCR, TK2020-123, Case Folder). On the same day, Carroll filed a *pro se* motion to quash his indictment as defective. Doc. 17-1 (SCR, Cause No. TK2020-123, Case Folder). On May 4, 2021, Carroll filed a *pro se* pleading entitled "Defendant's Motion State Failure to Prosecute Failure of Due Process." Doc. 17-1 (SCR, Cause No. TK2020-123, Case Folder). On the same day, the trial court entered an agreed order reducing Carroll's charge from felony DUI as a fourth offense to felony DUI third. Doc. 17-1 (SCR, Cause No. TK2020-123, Case Folder). Carroll pled guilty to the reduced charge of felony DUI third. Doc. 17-1 (SCR, TK2020-123, Case Folder). He signed his plea petition acknowledging, in relevant part:

> As a result of plea bargaining, my attorney and I have reached an agreement with the District Attorney's office concerning my offer to plead guilty to the charge listed in paragraph three. It is my understanding that the District Attorney will recommend to the Court that I receive a sentence as follows: 5 years in the custody of MDOC, CC, fees, assessments ($100 DA) to be paid in equal monthly installments upon his release[, and a] $2,000 fine.

---

[5] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

Doc. 17-1 (SCR, TK2020-123, Case Folder). The trial court entered the "Plea of Guilty and Judgment of the Court," sentencing Carroll to "serve a term of five years in the custody of the [MDOC] in a facility to be designated by said Department[.]" **Exhibit B**; Doc. 17-1 (SCR, TK2020-123, Case Folder). "Although the sentencing order did not suspend any part of Carroll's sentence, the order contained language that stated 'the suspension of said sentence is based upon the following conditions[,]' with those conditions specified in subparts (a) through (n) of the order." **Exhibit C** (*Carroll v. State*, 371 So. 3d 196, 197–98 (Miss. Ct. App. 2023), *reh'g denied* (Sept. 19, 2023), *cert. dismissed*, 394 So. 3d 923 (Miss. 2024)).

Carroll's sentencing transcript confirms that the trial court imposed a five-year term of incarceration, *with no suspension of time*. **Exhibit D** at 12–13; Doc. 17-1 (SCR, TK2020-123, Case Folder). At sentencing, the trial court asked the State whether "[it] ha[d] a recommendation as to Mr. Carroll," and the following exchange resulted:

> [State]: Yes, your Honor, we do. In Mr. Carroll's case for the offense of DUI, third offense, the State recommends a sentence of five (5) years in an institution to be designated by the [MDOC]; that he will pay all court costs, fees, and assessments, including the $100 D.A. assessment, and the statutory $2,000 fine.

> [Court]: Very well. The [c]ourt will accept the recommendation by the State. Mr. Carroll, I do hereby sentence you to serve a term of five (5) years in the custody of the [MDOC]. I will order that you pay all court costs, fees, and assessments, including specifically the $100 D.A. fee to be paid in equal monthly installments upon your release and as a specific term of any parole that you achieve. You are also to pay a $2,000 fine, which is the statutory requirement in this case, and you will, likewise, pay that as a term and condition upon your release.

**Exhibit D** at 12–13; Doc. 17-1 (SCR, TK2020-123, Case Folder). Carroll's MDOC Inmate Time Sheet confirms that he was incarcerated in the physical custody of the MDOC, and served his five-year sentence, as ordered. **Exhibit A**; *see also* Doc. 17-1 (SCR, TK2020-123, Case

- 5 -

Folder). Carroll's notice of criminal disposition likewise confirms that the trial court ordered his five-year term "to be served." Doc. 17-1 (SCR, TK2020-123, Case Folder).

### Aggravated Assault Charge

On October 16, 2020, Carroll was indicted for aggravated assault in the Tippah County Circuit Court. Doc. 17-3 (SCR, TK2020-068, Docket and Order). As discussed below, that charge was ultimately retired to the files in exchange for Carroll's guilty plea to his subsequent burglary of a dwelling charge. Doc. 17-3 (SCR, TK2020-068, Docket and Order).

### Possession of Methamphetamine Charge

On October 13, 2021, Carroll was also indicted for possession of methamphetamine. Doc. 17-5 (SCR, TK2021-155, Docket and Order). As discussed below, that charge was also ultimately retired to the files in exchange for Carroll's guilty plea to his subsequent burglary of a dwelling charge. Doc. 17-5 (SCR, TK2021-155, Docket and Order).

### Challenges to Execution of Felony DUI Plea and Sentence

Three weeks after his felony DUI plea, Carroll began litigating challenges to his felony DUI third and resulting five-year term of incarceration. Carroll first filed a *pro se* pleading entitled "Writ of Habea[]s Corpus" in the Mississippi Supreme Court, construed by the court as a motion for post-conviction relief. *See* Doc. 17-6 (SCR, 2021-M-00602, Case Folder). On August 19, 2021, the Mississippi Supreme Court dismissed the pleading without prejudice to be filed in the trial court because Carroll pled guilty and had no appeal of his conviction and sentence. **Exhibit E** (citing Miss. Code Ann. § 99-39-7); Doc. 17-6 (SCR, 2021-M-00602, Case Folder).

After Carroll filed his petition in the Mississippi Supreme Court, he also filed a *pro se* pleading in the trial court seeking clarification of his felony DUI sentence. Doc. 17-1 (SCR,

TK2020-123, Case Folder).   "Carroll asserted that the 'suspension' language found in the circuit

court's written sentencing order seemed to indicate that at least part of his five-year sentence

should be suspended."   *Carroll*, 371 So. 3d at 198.   On June 9, 2021, the trial court entered an

"Order Denying Relief Requested," concluding that "[the court wa]s without jurisdiction to rule

on this petition."   **Exhibit F**; Doc. 17-1 (SCR, TK2020-123, Case Folder).   The trial court

explained:

> It appears to the [c]ourt [that] the defendant is challenging the computation and
> operation of his sentence.   An inmate who is uncertain about the operation of his
> sentence and desires clarity should pursue the administrative review procedures
> available through the [MDOC] before turning to the court.   Therefore, the
> Defendant must pursue all of his administrative remedies with the department
> before raised this matter with this [c]ourt.   Miss. Code Ann. Sec. 47-5-803(2).
> *Burns v. State*, 933 So. 2d 329, 331 (Miss. Ct. App. 2006).

**Exhibit F**; Doc. 17-1 (SCR, TK2020-123, Case Folder).   Carroll appealed the trial court's order,

and the Mississippi Court of Appeals affirmed on May 16, 2023. *See* **Exhibit C**; *see also* Doc.

17-7 (SCR, 2021-TS-00959-COA).[6]

The Mississippi Court of Appeals explained:

> Here, as the circuit court noted in its June 9, 2021 order, Carroll sought
> clarification of "the computation and operation of his sentence ...." In so doing,
> Carroll "moved beyond challenging a possibly erroneous sentence and [instead]
> raised a matter of ambiguity that [wa]s for [MDOC's] administrative[-]remedy
> program to answer."   *Burns* [*v. State*], 933 So. 2d [329,] 332 (¶12) [(Miss. Ct.
> App. 2006)].   Thus, Carroll was required to pursue relief "by obtaining a final
> ARP decision and then seeking judicial review ...."   *Easterling v. State*, 283 So.
> 3d 1198, 1200 (¶4) (Miss. Ct. App. 2019).
>
> Because Carroll sought judicial review of his claims prior to exhausting available
> administrative relief through MDOC's ARP, the circuit court correctly denied his
> motion for lack of jurisdiction.   In affirming the circuit court's order, we note
> that "nothing in our decision prohibits [Carroll] from pursuing any administrative

---

[6]   Prior to resolution of that appeal, Carroll also sought federal *habeas corpus* relief on his
challenge to the execution of his felony DUI sentence in this court.   As detailed below, the court
ultimately rejected Carroll's challenge to the execution of his five-year sentence, dismissing it
with prejudice as meritless.

remedy or right to judicial review that remains available to him."   *Id.* at 1200 n.2. We further note that although Carroll filed his motion for requested relief in Tippah County, he may be presently incarcerated in a different county.   And as our caselaw explains, any "petition for judicial review of a final ARP decision generally should be filed in the county in which the inmate is housed, not the county of his conviction."   *Id.*

*Carroll*, 371 So. 3d at 199.

As noted above, the Mississippi Court of Appeals denied rehearing on September 19, 2023.   Doc. 17-7 (SCR, 2021-CP-00959-COA, Case Folder).   More than nine months later, Carroll moved for rehearing again, and the Mississippi Court of Appeals dismissed Carroll's "successive" motion for rehearing on August 13, 2024.   Doc. 17-7 at 2–4 (SCR, 2021-CP-00959-COA, Case Folder) (further noting that the "[c]ourt's jurisdiction ended when the mandate issued").   On August 26, 2024, Carroll filed a petition for writ of certiorari, and the Mississippi Supreme Court dismissed it as untimely on October 3, 2024.   **Exhibit G**; Doc. 17-11 (SCR, 2021-CT-00959-SCT, Certiorari Folder).   Carroll then filed a "Motion in Support of Motion to Recall Mandate and Reinstate Appeal."   Doc. 17-11 (SCR, 2021-CT-00959-SCT, Certiorari Folder).   On November 1, 2024, the Mississippi Supreme Court construed Carroll's filing as "effectively seek[ing] reconsideration of" the court's dismissal of his certiorari petition as untimely, and "asking the Court to recall the mandate, waive the delay, rule on the petition's merits, and certify appealability to the United States Court of Appeals for the Fifth Circuit." **Exhibit H**; Doc. 17-11 (SCR, 2021-CT-00959-SCT, Certiorari Folder).   But the Mississippi Supreme Court determined "that reconsideration is not permitted."   **Exhibit H** (citing Miss. R. App. P. 17(f)); Doc. 17-11 (SCR, 2021-CT-00959-SCT, Certiorari Folder).

On the same date that Carroll filed his notice of appeal of the trial court's Order, he also filed a *pro se* pleading entitled "Motion for Post Conviction Collateral Relief Request Reduction

- 8 -

of Sentence" in the trial court. Doc. 17-2 (SCR, CV2021-113). On September 15, 2021, the

trial court entered an "Order Denying Relief Requested," holding:

> After reviewing the documents filed by [Carroll], the [c]ourt finds it plainly
> appears from the face of the motion and prior proceedings, including the
> transcript of the plea and sentencing hearing taken in the related criminal cause of
> TK2020-123, that [Carroll] is not entitled to any relief. Therefore, the [c]ourt is
> of the opinion the requested relief is not well taken and is hereby denied.

**Exhibit I**; Doc. 17-2 (SCR, CV2021-113).

On January 27, 2022, Carroll filed a *pro se* pleading entitled "Defendant's Motion to

Vacate and Set Aside Illegal Sentence" in the trial court. Doc. 17-2 (SCR, TK-2020-123, Case

Folder). On February 4, 2022, the trial court entered an "Order Denying Relief Requested,"

holding:

> [Carroll] has filed a previous motion for post-conviction collateral relief with this
> [c]ourt regarding criminal cause number TK2020-123, and the [c]ourt denied that
> petition on September 8, 2021. Therefore, the [c]ourt finds [Carroll]'s current
> petition to be a successive motion and jurisdictionally barred. Miss. Code Ann. §
> 99-39-23(6).

**Exhibit J**; Doc. 17-2 (SCR, TK-2020-123, Case Folder).[7]

On February 11, 2022, Carroll filed a *pro se* pleading entitled "Defendant's Motion to

Quash or Abate[] Indictment 99-7-23." Doc. 17-2 (SCR, TK-2020-123, Case Folder). The

files received by the State from the Tippah County Circuit Court Clerk's Office and from the

Mississippi Electronic Courts System (MEC) contain no order disposing of this *pro se* motion.

*See* Docs. 17-1, 17-2 (SCR, TK-2020-123, Case Folder; CV2021-113, Case Folder.

**Burglary of a Dwelling Plea and Sentence**

On April 6, 2021, Carroll was indicted for burglary of a dwelling in the Tippah County

---

[7] Although Carroll filed the *pro se* motion in his *criminal* matter in the trial court, the court entered its order denying the motion in Carroll's separate *civil* matter in the Tippah County Circuit Court. *See* Docs. 17-1, 17-2 (SCR, TK-2020-123; CV2021-113).

Circuit Court. Doc. 17-4 at 3 (SCR, TK2021-017). On February 8, 2023, Carroll pled guilty to the burglary charge as a habitual offender under Miss. Code Ann. § 99-19-81. Doc. 17-4 at 47–53 (SCR, TK2021-017). The circuit court sentenced Carroll to twenty years, with fourteen years suspended, six years to serve in MDOC custody as a habitual offender under Miss. Code Ann. § 99-19-81, to run *concurrently* with his five-year felony DUI sentence, followed by five years of post-release supervision. Doc. 17-4 at 47–53 (SCR, TK2021-017). Carroll's pretrial hearings and plea colloquy transcripts confirm that the State agreed to retire Carroll's additional charges for aggravated assault and possession of methamphetamine in exchange for his plea to burglary of a dwelling as a habitual offender. *See* Docs. 11, *et. seq.*

**State Court Post-Conviction Filings on Burglary of a Dwelling Plea and Sentence**

Carroll then filed numerous pleadings challenging his burglary plea and six-year sentence and requesting parole in both his criminal matter and in a separate civil matter in the Tippah County Circuit Court. *See* Docs. 17-4, 17-12. However, because that sentence is not at issue in this federal *habeas corpus* proceeding, the court will not summarize those pleadings here. *See* Doc. 17.

**MDOC ARP Grievances**

The MDOC Administrative Remedy Program confirmed to the State that Carroll has filed numerous grievances challenging the execution of his five-year felony DUI sentence and one challenging his burglary sentence (which is not at issue in this federal *habeas corpus* proceeding). The court summarizes each of Carroll's *relevant* MDOC ARP filings below.

Carroll signed a prison grievance on July 25, 2021, stamped as "received" by the MDOC ARP on November 23, 2021, and assigned ARP Number CMCF-21-1429. Doc. 17-18. He challenged the language in his felony DUI sentencing order referencing "probation conditions"

and alleged that the "MDOC ha[d] opted to ignore the suspension of [his] sentence of 5 yrs. and refuse[d] to release [him] on to probation in accords with the sentencing order and as explained to [him] by [defense counsel]." Doc. 17-18 at 4–5. Carroll thus requested that he be released on "probation, house arrest, intense supervision program[,] or monitoring device … in accordance with the sentencing order." Doc. 17-18 at 5. On December 8, 2021, the MDOC ARP issued a Response Form to Carroll on ARP Number CMCF-21-1429, informing him that his challenge to a sentencing issue sought "[r]elief … beyond the power of the [ARP] to grant." Doc. 17-18 at 5. Carroll signed for receipt of the rejection notification on January 24, 2022. Doc. 17-18 at 8.

He signed another prison grievance on July 26, 2021, stamped as "received" by the MDOC ARP on November 23, 2021, and assigned ARP Number CMCF-21-1457. Doc. 17-20. Carroll challenged his pretrial jail credit on his felony DUI sentence from March 2021, to June 2021. Doc. 17-20. On January 20, 2022, MDOC ARP issued a First Step Response Form to Carroll on ARP Number CMCF-21-1457, informing him that his Tippah County jail sheet did not show that he was in the Tippah County jail during the period he asserted. Doc. 17-20. He signed for receipt of the rejection notification on May 2, 2022, and proceeded to the second step of the ARP grievance process. Doc. 17-20. On June 27, 2022, the CMCF records supervisor issued a Second Step Response Form advising Carroll that "all pre sentence jail time [he was] eligible to receive ha[d] been reviewed and was correct." Doc. 17-20. Carroll signed for receipt of the Second Step Response Form on August 11, 2022. Doc. 17-20.[8]

---

[8] The State searched both the Rankin County Circuit Court's and the Marshall County Circuit Court's records, as available on MEC, and were unable to locate any appeal of that ARP decision by Carroll.

Meanwhile, on September 29, 2021, Carroll submitted another prison grievance, which was stamped as "received" by the MDOC ARP in May 2022, with a "BACKLOG" status notation, and assigned ARP Number MCCF-22-77. Doc. 17-21. He again challenged the execution of his felony DUI sentence, arguing that the trial court's order suspended the five-year term of incarceration and requesting that he be sent home. Doc. 17-21 at 5–7. On May 12, 2022, the MDOC ARP issued a Response Form to Carroll on ARP Number MCCF-22-77, informing him that his challenge was rejected because it was a "court issue." Doc. 17-21 at 2.

On May 20, 2022, and again on June 22, 2022, MDOC ARP issued letters to Carroll, informing him of the department's receipt of his additional requests for release. Doc. 17-21 at 11, 26. The Administrative Remedy Program noted that Carroll had a previously rejected ARP concerning the same issue; therefore, the request would not be processed, and no other complaints regarding the issue were necessary. Doc. 17-21 at 11, 26. Within the attached MDOC ARP paperwork on ARP Number MCCF-22-77 are documents, including the Action of the Parole Board on April 4, 2022, showing that the parole board denied Carroll's parole, citing "history of drug or alcohol abuse," "insufficient time served," and "[t]he Board believes the ability or willingness to fulfill the obligations of a law-abiding citizen is lacking [under] Section 47-7-17 of the Mississippi Code Annotate[d] as amended." Doc. 17-21 at 16–17, 34–35. An ARP investigator confirmed that the "MCCF ARP has no record of" Carroll's "correction of requested relief that can be granted to be processed." Doc. 17-21 at 1.

Meanwhile, in November 2021, Carroll "file[d] a grievance" on "multiple" requests, "including a job skills class, [regarding] fixing two holes/leakage, and compensation for damages of property." Doc. 17-19 at 1. The MDOC ARP notified Carroll that he must separate his requests, that ARP does not accept requests on behalf of other offenders, and his request for

- 12 -

compensation would not be processed because that was a "court matter."  Doc. 17-19 at 1.  An ARP investigator confirmed that the "ARP has no record of grievances concerning this matter being corrected."  Doc. 17-19 at 1.

**Additional Proceedings**

On December 12, 2023, Carroll filed a petition for writ of mandamus claiming that he filed a petition for judicial review in the Marshall County Circuit Court and requesting that the Mississippi Supreme Court compel the circuit court to rule on it.  Doc. 17-14 (SCR, 2023-M-01331).  On January 3, 2024, the Mississippi Supreme Court dismissed Carroll's mandamus petition without prejudice because the Marshall County Circuit Court had no record that Carroll had filed such a motion, and he had offered no proof that he had filed it.  **Exhibit K**; Doc.  17-14 (SCR, 2023-M-01331).

On January 11, 2024, Carroll filed a copy of his mandamus petition regarding his petition for judicial review in the Marshall County Circuit Court.  Doc. 17-15 (SCR, CV2024-023).  The following day, on January 12, 2024, Carroll filed a motion for leave to proceed *in forma pauperis* in the Mississippi Supreme Court.  Doc. 17-14 (SCR, 2023-M-01331).  Four days later, the Mississippi Supreme Court Clerk's Office issued a notice, informing Carroll that his motion "styled in the Circuit Court of Marshall County [wa]s closed with no action taken." Doc. 17-14 (SCR, No. 2023-M-01331).

On February 7, 2024, Carroll filed a copy of his petition for judicial review in the Marshall County Circuit Court of his challenge to his felony DUI sentence.  Doc. 17-16 (SCR, CV2024-059).  Carroll attached a copy of his felony DUI sentencing documents and MDOC ARP CMCF-21-1429 that was rejected by MDOC ARP, as detailed above.  Doc. 17-16 (SCR, CV2024-059).  On April 1, 2024, the Marshall County Circuit Court transferred the action to

Rankin County because Carroll was housed at CMCF in Pearl, Mississippi. **Exhibit L**; *see* Doc. 17-16 (SCR, CV2024-059). Thus, the circuit court concluded that venue was proper in Rankin County, not in Marshall County. **Exhibit L**; *see* Doc. 17-16 (SCR, CV2024-059).

Meanwhile, on March 15, 2024, Carroll returned to the Mississippi Supreme Court and filed a pleading entitled "Appellate's Request for [a] Show Cause Order for Redress." Doc. 17-14 (SCR, No. 2023-M-01331). The Mississippi Supreme Court construed Carroll's filing as a motion for reconsideration and denied it on May 13, 2024. **Exhibit M**; Doc. 17-14 (SCR, No. 2023-M-01331). The Mississippi Supreme Court held:

> As part of the instant motion, Carroll provided a civil cover sheet for Marshall County Circuit Court and the first page of a motion entitled "Petition for Judicial Review of a Final A.R.P. Decision." The civil cover sheet is dated January 9, 2024, which is after the Court's order dismissing the Petition for Writ of Mandamus was entered. Further, neither of these pages bear the circuit court's stamp indicating that they have been filed therein. Accordingly, the undersigned Justice finds that the motion for reconsideration should be denied.

**Exhibit M**; Doc. 17-14 (SCR, No. 2023-M-01331).

On May 14, 2024, the Rankin County Circuit Court entered an order dismissing Carroll's petition for judicial review. **Exhibit N**; *see* Doc. 17-17 (SCR, 2024-98). The circuit court concluded that it lacked personal jurisdiction over the respondent and lacked jurisdiction over Carroll's petition. **Exhibit N**; *see* Doc. 17-17 (SCR, 2024-98). The circuit court explained:

> Additionally, the [c]ourt lacks jurisdiction over this request because [Carroll] has not exhausted his administrative remedies. Mississippi Code § 47-5-803(2) provides that "[n]o state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure." See *Robinson v. Mississippi Dep't of Corr.*, 359 So. 3d 237, 240 (Miss. Ct. App. 2023) (recognizing the petitioner must show he exhausted his administrative remedies). [Carroll] seeks review of the application and computation of his sentence as reflected on his MDOC timesheet. However, he only attached a rejection letter which reveals his request was not accepted into the Administrative Remedy Program (ARP). This letter is not a final, appealable

- 14 -

decision.   Therefore, the [c]ourt lacks jurisdiction to consider the motion for this additional reason.

**Exhibit N**; *see* Doc. 17-17 (SCR, 2024-98).   On July 2, 2024, the circuit court denied Carroll's request for reconsideration.   **Exhibit O**; *see* Doc. 17-17 (SCR, 2024-98).   Carroll appealed the circuit court's order of dismissal and order of reconsideration.   Doc. 17-22 (SCR, 2024-TS-00875).   That appeal is pending, as of the filing of the State's Motion to Dismiss; the case was submitted without oral argument on July 9, 2025.   Doc. 17-22 (SCR, 2024-TS-00875).[9]

### Federal *Habeas Corpus* Proceedings Regarding Execution of Felony DUI Sentence

In April 2022, Carroll initiated federal *habeas corpus* proceedings challenging the execution of his five-year felony DUI sentence in this court.   *See Carroll*, 2023 WL 2145517, at *1.[10]   The court consolidated Carroll's proceedings and construed his challenge to the execution of his five-year sentence for felony DUI as a *habeas corpus* petition under 28 U.S.C. § 2241. *See Carroll*, 2023 WL 2145517, at *1.   On February 21, 2023, the court dismissed Carroll's § 2241 petition "for failure to state a claim upon which relief could be granted, and, in the alternative, for failure to exhaust state remedies."   *Carroll*, 2023 WL 2145517, at *1.   The court also determined that, notwithstanding his failure to exhaust, Carroll's challenges to his five-year sentence were meritless.   *Id*. at *7.   The court held that Carroll was clearly sentenced to a term

---

[9] The Mississippi Supreme Court Clerk's Office could not provide the State with a copy of this appellate court record, prior to the conclusion of the appeal and issuance of the mandate. Accordingly, the State saved all available documents via the Mississippi Supreme Court's official docket, as of the filing of the instant Motion to Dismiss, and filed those documents for this Court's review.   *See* Doc. 17-24; *see also* STATE OF MISS. JUDICIARY, https://courts.ms.gov/index.php (search "General Docket" by name) (last accessed July 29, 2025).

[10] At that time, Carroll had not yet pled guilty to burglary.

- 15 -

of five years of incarceration, and his argument to the contrary is "without substantive merit." *Id*.

### Federal *Habeas Corpus* Petition Regarding Burglary of a Dwelling Sentence

Carroll also filed a petition under 28 U.S.C. § 2254, challenging MDOC's calculation of his burglary of a dwelling sentence in the Tippah County Circuit Court. *See Carroll v. Hunt*, No. 3:24-CV-184-KHJ-RPM, 2025 WL 2027453, at *1 (S.D. Miss. June 30, 2025), *report and recommendation adopted*, 2025 WL 2025173 (S.D. Miss. July 18, 2025). The United States District Court for the Southern District of Mississippi (Southern District) held that Carroll has no constitutional right to release before the expiration of his sentence and that he failed to exhaust his available state court remedies on his claims. *Carroll*, 2025 WL 2025173, at *3. The court thus dismissed Carroll's § 2254 petition without prejudice. *Id.*

### Current Federal *Habeas Corpus* Proceedings

Carroll initiated the instant proceeding by filing a *pro se* handwritten pleading in the District Court for the Southern District of Mississippi on January 21, 2025. Doc. 1. In his pleading, Carroll asked the court to review the decisions of the Mississippi Court of Appeals entered on May 16, 2023, and the Mississippi Supreme Court entered on November 1, 2024. Doc. 1 at 1–2. Carroll maintained that he was sentenced to a five-year term of post-release supervision (PRS) on his felony DUI conviction "according to the written out sentencing order entered in the records[.]" Doc. 1 at 2. Carroll argued that MDOC had, instead, illegally incarcerated him, rather than place him on supervised release. Doc. 1 at 2.

Carroll attached to his pleading a form § 2254 petition and submitted three grounds for relief:

**Ground One**:          Illegal Sentence

- 16 -

> **Ground Two**:      Illegally Detained
>
> **Ground Three**:      Illegal Sentencing Order

Doc. 1-1. The gravamen of Carroll's three claims is his mistaken belief that his sentence did not include incarceration – only supervised release.

In support of Ground Two, Carroll contends that his "sentencing order" "clearly suspend[ed] the said sentence of 5 yrs. and adjudicate[d] probation." Doc. 1-1 at 7. Under his blank Ground Four, Carroll asserts as supporting facts that "if the sentencing order suspends the prison time[,] then [he] should not be in prison but out and on the probation term." Doc. 1-1 at 10. As relief, Carroll seeks an order "that [he] be discharged and placed on the sentencing order[']s probation term or it be render[ed] null, void, and illegal detention." Doc. 1-1 at 15.

On February 11, 2025, the District Court for the Southern District transferred Carroll's § 2254 petition to this court. Doc. 5 (ruling that "[b]ecause Carroll challenges his incarceration for a conviction from a state court located in the Northern District of Mississippi based on events occurring in the Northern District of Mississippi, … the Northern District of Mississippi would be the more convenient forum for resolving this Petition").

**Discussion**

Carroll is not entitled to relief on his repeated challenge to his five-year sentence in this court, for the reasons discussed below.

### Carroll's Challenge to His Five-Year Sentence Is Moot

Put simply, Carroll has served his entire sentence for his felony DUI conviction; as such *habeas corpus* relief is no longer available to him as to that conviction and sentence, and the claim must be dismissed as moot. His five-year sentence for felony DUI concluded on September 6, 2024, and he is serving a six-year habitual sentence for burglary of a dwelling imposed by the

- 17 -

Tippah County Circuit Court on February 8, 2023.  **Exhibit A**.  Carroll's grounds for § 2254 relief in this case are all based on his belief that he was being forced to serve an "illegal sentence" of incarceration on that conviction, instead of suspended time.  Docs. 1, 1-1.

First, Carroll is not "in custody" as to his felony DUI conviction (as he has fully served that sentence); instead, he is currently serving a six-year concurrent sentence for residential burglary.[11]  *See* Doc. 17-4 at 47–53 (SCR, TK2021-017).  Hence, his challenge to his expired DUI sentence has become moot for that reason.

In addition, there is no Article III, § 2 "case or controversy" before this court, as Carroll's DUI sentence has expired.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  To establish a "case or controversy," the petitioner must show that:

> throughout the litigation, [he] "[] suffered, or [was] threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision."

*Id*.  (citing *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477–478, (1990)).  In this case, Carroll can no longer suffer or face threat of actual injury as to his felony DUI sentence, as it has expired.  In the *habeas corpus* context, a petitioner's challenge to his sentence (as opposed to the conviction itself) becomes moot once the sentence is completed.  *See* Federal *Habeas* Manual § 1:73, Challenges to a Completed Sentence (citing *United States v. Meyers*, 200 F.3d 715, 722–24 (10th Cir. 2000).  Carroll fully discharged his five-year felony DUI sentence on September 6, 2024; as such, his challenge to that sentence has become moot, and the instant petition should be dismissed *without* prejudice for that reason.  *See Griener v. United States*,

---

[11]  A petitioner who is serving consecutive state sentences is "in custody" and may challenge a sentence that has already expired, until all sentences have been served.  *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995).  However, *Garlotte* does not apply in this case because Carroll's sentences run *concurrently*, not consecutively.

900 F.3d 700, 706 (5th Cir. 2018)) (concluding that when a petition is "moot," a district court "lack[s] jurisdiction to consider it further" and should dismiss the petition without prejudice).

### Carroll's Challenge to His 5-Year Felony DUI Sentence Is Meritless

The court has previously found Carroll's claim that his felony DUI sentence was suspended is without merit. *See Carroll v. Mississippi*, Nos. 3:22CV73-MPM-RP, 3:22CV149-MPM-RP, 2023 WL 2145517, at *2 (N.D. Miss. Feb. 21, 2023). As this court previously held, Carroll's reliance on the "suspended" language in his sentencing order is "misplaced, as th[at] language does not fit with the remaining text in the sentencing order, and it is flatly contradicted by the transcript of the sentencing hearing and his MDOC Time Sheet." *Id.* at *7. Ultimately, "[t]he record in this case, viewed as a whole, [ ] confirms that the execution of Carroll's five-year sentence is proper, and this ground for relief is without substantive merit." *Id.* The instant petition must therefore be dismissed *with* prejudice for want of substantive merit.

### Carroll's Untimely Motion to Amend Petition

Carroll recently filed a document styled as a Motion [23] for Rehearing Seeking Judicial Review. The court construes the motion as one seeking to amend his petition to include additional argument. In his motion, Carroll discusses the merits of his petition and has attached numerous exhibits. First, as the State has responded to the petition in this case, the instant motion will be dismissed as untimely filed. In addition, Mr. Carroll merely revisits facts and arguments previously raised, which the court has discussed and rejected in the instant memorandum opinion. As such, the petitioner's motion [23] to amend his petition will be dismissed.

### Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be

dismissed *with* prejudice for want of substantive merit. In the alternative, the petition will be dismissed *without* prejudice as moot. In addition, the petitioner's motion [23] to amend his petition will be dismissed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 24th day of October, 2025.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI